UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANGELO BURNETT, #200640

    Plaintiff,

v.

PATRICIA L. CARUSO, et al.

    Defendants.
_____/

Case No. 10-cv-10749

HONORABLE STEPHEN J. MURPHY III

**OPINION AND ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Pro se Plaintiff Michael Angelo Burnett filed a civil rights complaint on the authority of 42 U.S.C. § 1983. Burnett is currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. In his complaint, Burnett names seven persons as defendants, all of whom are public officials employed by the State of Michigan. Plaintiff alleges that all Defendants either directly assaulted him, or ordered him to be assaulted by others, in violation of his federal civil rights.

A threshold issue is whether this action was brought in the appropriate U.S. District Court. In an action when jurisdiction is not premised on diversity jurisdiction, venue is proper in a judicial district where: 1) any defendant resides if all defendants reside in the same state; 2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or 3) any defendant may be found if there is no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials are considered to reside in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Even if an action is originally filed in a proper judicial district, a district court may transfer the action to any other district where

it might have been brought "for the convenience of the parties and witnesses, [and] in the interests of justice." 28 U.S.C. § 1404(a). A district court may transfer an action *sua sponte*, *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989), and the decision to transfer an action lies within the sound discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

Of the seven public official defendants named in the complaint, only two are alleged to be employed in counties located in the Eastern District of Michigan, and thus reside here for purposes of venue.[1] The remaining defendants are alleged to be employed in counties located in the Western District of Michigan, and thus reside in that district for purposes of venue.[2] The incidents described in Plaintiff's complaint occurred at the Chippewa Correctional Facility in Chippewa County, which is in the Western District of Michigan, *see* 28 U.S.C. § 102(b), or while in transit to or from that facility.

Venue in this case is proper in both federal judicial districts in Michigan. It is proper in the Eastern District because all Defendants reside in Michigan and at least one resides in the Eastern District. *Id.* § 1391(b)(1). It is proper in the Western District because all Defendants reside in Michigan and at least one resides in the Western District, *id.*, and

---

[1] Defendants Durigon and Dean are alleged to be employed in Whitmore Lake, Michigan. *See* Compl. ¶¶ D, E. Whitmore Lake is in both Washtenaw and Livingston counties, which are both located in the Eastern District of Michigan. *See* 28 U.S.C. § 102(a).

[2] Defendant Caruso is alleged to be employed in Lansing, Michigan, which is in both Ingham and Eaton Counties. *See* Compl. ¶ B. One unnamed prison official is alleged to be employed in Marquette, Michigan, which is in Marquette County. *See id.* ¶ F. Defendant McGuiggin and two other defendant prison officials are alleged to be employed in Kincheloe, Michigan, which is in Chippewa County. *See id.* ¶¶ C, G, H. Ingham, Eaton, Marquette, and Chippewa Counties are all located in the Western District of Michigan. *See* 28 U.S.C. § 102(b).

because a substantial portion of the events giving rise to the claim occurred in the Western District. *Id.* § 1391(b)(2).

Even though venue is technically proper in the Eastern District, for the convenience of the parties and in the interests of justice, the Court will transfer this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). The only connection this case has to the Eastern District of Michigan is that two of the defendants reside here. While this is a sufficient basis to establish venue, *see* 28 U.S.C. § 1391(b)(1), the Court finds that the case is more appropriately litigated in the Western District of Michigan due to that the majority of the witnesses and places of occurrence are located there. *See* 28 U.S.C. § 1404(a); *see also Audi AG and Volkswagen of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (identifying relevant factors in transfer analysis, discussed below).

Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum. *See D'Amato*, 341 F. Supp. 2d at 749-50. Plaintiff's connection to the Eastern District is minimal. The vast majority of Defendants – not to mention Plaintiff himself – reside in the Western District, and the two defendants residing in the Eastern District are close geographically to the Western District. Therefore, it would be far more convenient for the parties as a whole to try the case in the Western District. Additionally, any potential witnesses in this action – if this case ever gets to the stage of requiring witnesses – are likely to be located in the Western District, where the claim arose and where most of Defendants reside. So, trying the case in the Western District would also be more convenient for the witnesses.

Furthermore, it would also be more convenient for the Plaintiff to litigate in the Western District since he is likely more familiar with the Western District's local rules and procedures than the Eastern District's, having recently filed four lawsuits in the Western District, three of which involve Patricia Caruso, also a defendant in this case. *See Burnett v. Bergh*, No. 09-cv-155 (date of filing unknown); *Burnett v. Caruso*, No. 09-cv-105 (date of filing unknown); *Burnett v. Caruso*, No. 09-cv-101 (date of filing unknown); *Burnett v. Caruso*, No. 08-cv-292 (date of filing unknown).[3] Indeed, it appears odd to the Court that Plaintiff filed his complaint in this District in the first place, given the claim's lack of connection to this District and the number of previous lawsuits he has filed already in the Western District.

Finally, Plaintiff alleges in his Complaint that the four pending cases in the Western District are related, so it is likely that this case, when transferred there, will be a cognate case, as that term is defined in the Western District's local rules, and thus assigned to the judge presiding over one or more of the cognate cases in order to serve the interests of justice and judicial economy. *See* W.D. Mich. LCivR 3.3.2(c); *see also D'Amato*, 341 F. Supp. 2d at 749 (including interests of justice as a relevant factor in the transfer analysis).

**WHEREFORE**, it is hereby **ORDERED** that this action is to be **TRANSFERRED** to the U.S. District Court for the Western District of Michigan.

**SO ORDERED.**

                                        s/Stephen J. Murphy, III
                                        Stephen J. Murphy, III
                                        United States District Judge

---

[3] Plaintiff identifies all cases as "pending" in his Complaint. *See* Compl. at 4.

Dated: April 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 19, 2010, by electronic and/or ordinary mail.

                              s/Alissa Greer
                              Case Manager